| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | |
| ) | |
| Betty S. Lucas, ) | C/A No.: 2013-CP-40-_____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Sysco Columbia, LLC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**
**(Jury Trial Demanded)**

The Plaintiff would allege and show unto the Court the following:

## PARTIES

1. The Plaintiff, Betty S. Lucas, is a citizen and resident of West Columbia, Lexington County, South Carolina.

2. On information and belief, the Defendant, Sysco Columbia, LLC, is a Delaware Limited Liability Company with offices in Richland County, South Carolina. Defendant filed as a "Foreign LLC" with the South Carolina Secretary of State on or about February 21, 2001, and is currently in good standing with that office. Defendant has done business in Richland County under the name "Sysco Columbia, LLC" since changing its name from "Sysco Food Services of Columbia, LLC" on December 30, 2008. Defendant's Registered Agent for Service is located in Columbia, Richland County, South Carolina.

## JURISDICTION

3. Plaintiff is informed and believes that the Fifth Circuit Court of Common Pleas has *in personam* jurisdiction over the Defendant by virtue of the Defendant doing business in Richland County at all times relevant hereto, thereby availing Defendant of this jurisdiction.

## FACTUAL BACKGROUND

4. Plaintiff's family owns and operates a restaurant in Richland County, doing business as "D's Wings".

5. On information and belief, Defendant is a vendor of institutional food to food service establishments like D's Wings, and operates a distribution office off Garners Ferry Road at 131 Sysco Court, Columbia, SC, 29209.

6. At all times relevant hereto, Plaintiff's family business, D's wings, maintained an account with Defendant for institutional food supplies.

7. On October 28, 2010, Plaintiff, as a business invitee, was asked by Defendant's agents or employees to pick up something at Defendant's "Will Call" office at 131 Sysco Court. On that date, it was raining heavily in the Columbia area.

8. After arriving by car at Defendant's location, Plaintiff entered the Will Call office. Inside the exterior door, Defendant's offices had a flat linoleum floor which was wet. There were no floor mats inside the exterior door. Defendant did not have any employees, agents or representatives present to alert Plaintiff to a hazardous condition inside the door. Plaintiff could not see any foreign substances on the linoleum floor prior to stepping inside.

9. As she stepped inside, Plaintiff slipped on the wet floor, hitting her head on the side of the door and landing hard on top of her right foot. While on the floor, writhing in great pain, Plaintiff observed that the linoleum floor inside the entrance was considerably wet. No employees or agents of Defendant personally witnessed Plaintiff's slip and fall. Plaintiff broke a bridge in her mouth and suffered an injury to her right foot.

10. Upon returning to D's Wings, Plaintiff reported the slip and fall to four (4) employees of D's Wings who observed her injuries.

11. On the same date, October 28, 2010, Plaintiff reported the fall and her injuries to "Darby Matthews", one of Defendant's sales employees. Plaintiff was informed and believes that Darby Matthews reported Plaintiff's fall to "David Gregory", Defendant's head of Customer Service. Despite these reports, Defendant failed to keep and maintain a surveillance video of Plaintiff's fall.

12. Plaintiff received extensive treatment for her injuries. She had to have her dental work repaired and Plaintiff was diagnosed as having developed "tarsometatarsal

3

joint arthropathy" in her right foot which required extensive surgery to repair and prevented her from working for nine (9) months. The injury to Plaintiff's right foot has changed her life. Even with the surgical repair, Plaintiff still experiences pain when walking and climbing stairs.

13. Plaintiff is informed and believes that, after her fall, Defendant installed floor mats at the Will Call entrance to prevent similar falls in wet weather.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

The Plaintiff reaffirms and reiterates each and every allegation contained in paragraphs 1 through 13 above as if repeated herein verbatim.

14. Plaintiff is informed and believes that Defendant, acting through its employees or agents, carelessly and without regard for the safety of others, ignored a slippery and dangerous condition on the linoleum floor inside the entrance to Defendant's offices.

15. Plaintiff was not warned by Defendant in any way that of the hazardous condition.

16. Plaintiff suffered serious injuries to her person for which the Defendant is responsible in damages for its tortuous acts.

17. Plaintiff asserts that the Defendant's actions constitute Negligence under South Carolina law in the following particulars:

    a. that Defendant exhibited an a lack of ordinary care by failing to warn business invitees of a hazardous condition;

    b. that Defendant failed to take reasonable measures to make the linoleum floor safe for business invitees during wet weather;

    c. that Defendant's carelessness was the proximate cause of Plaintiff's injuries, *i.e.*, that Plaintiff's injuries would not have occurred but for Defendant's careless acts and that such injury was a foreseeable consequence of Defendant's acts.

18. Plaintiff asserts that Defendant owed a duty of ordinary care and that Defendant breached that duty, causing Plaintiff injuries and damages.

19.     Plaintiff is informed and believes that Defendant's actions constitute Negligence under South Carolina law, for which Defendant is liable to Plaintiff for actual damages in an amount to be determined by the trier of fact.

### FOR A SECOND CAUSE OF ACTION
### (Premises Liability – Injury Caused by Dangerous Condition)

The Plaintiff reaffirms and reiterates each and every allegation contained in paragraphs 1 through 19 above as if repeated herein verbatim.

20.     Plaintiff is informed and believes that Defendant's employees or agents had actual knowledge of the dangerous condition on the floor.

21.     Plaintiff is informed and believes that Defendant owed her the duty to exercise ordinary care in keeping the linoleum floor in the entranceway in a reasonably safe condition so as not to expose patrons and business invitees to danger.

22.     Plaintiff slipped and fell as a proximate result of the dangerous condition allowed to exist by Defendant.

23.     Plaintiff is informed and believes that Defendant is liable for Premises Liability-Injury Caused by Dangerous Condition under South Carolina law, for which Defendant is liable to Plaintiff for actual damages in an amount to be determined by the trier of fact.

### FOR A THIRD CAUSE OF ACTION
### (Premises Liability – Duty Owed to Invitee/Business Visitor)

The Plaintiff reaffirms and reiterates each and every allegation contained in paragraphs 1 through 23 above as if repeated herein verbatim.

24.     Plaintiff was clearly a business invitee/business visitor of Defendant as those terms are defined by South Carolina law. The Plaintiff's purpose for being on Defendant's property was directly connected with business dealings with Defendant and its employees and officers. As such, Plaintiff's visit to Defendant's property on October 28, 2010, was directly connected with the purpose for which the Defendant used the property.

25.     Plaintiff is informed and believes that Defendant is liable for Premises Liability-Duty Owed to Invitee/Business Visitor under South Carolina law, for which

Defendant is liable to Plaintiff for actual damages in an amount to be determined by the trier of fact.

## PRAYER FOR RELIEF

WHEREFORE, Judgment is sought for actual damages, as authorized by law, on the above causes of action, to be determined by the trier of fact, for costs and disbursements of this action, and for such other relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

_____
David E. Belding
Post Office Box 11964
Columbia, South Carolina 29211
Phone: (803) 665-3161
Fax:    (866) 220-6352
Email:  dar820@sc.rr.com
ATTORNEY FOR PLAINTIFF

September 24, 2013

STATE OF SOUTH CAROLINA   )
                          )
COUNTY OF RICHLAND        )

### PLAINTIFF'S VERIFICATION

PERSONALLY APPEARED before me BETTY S. LUCAS, who being first duly sworn, deposes and says:

"I, Betty S. Lucas, am the Plaintiff in the foregoing action. I have read the attached *Complaint* and hereby verify that the facts stated therein are true of my own knowledge except as to those matters alleged on information and belief and, as to those, I believe them to be true.

I have read this sworn verification consisting of one (1) typewritten page and hereby acknowledge receipt of a copy thereof."

_____
Betty S. Lucas

SWORN TO AND SUBSCRIBED before me
This 24th day of September, 2013, at Columbia, SC.

_____(L.S.)
Notary Public for South Carolina
My Commission Expires: My Commission Expires February 20, 2019

7