IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Betty S. Lucas,<br><br>Plaintiff,<br><br>vs.<br><br>Sysco Columbia LLC,<br><br>Defendant. | C/A No. 3:13-cv-02883-JFA<br><br><br><br>**ORDER** |

**I.     INTRODUCTION**

This matter comes before the Court on Sysco Columbia, LLC's ("Sysco") Motion for Summary Judgment. Both parties filed briefs on this motion and the Court heard oral arguments on October 2, 2014. The claims in this premises liability case arise from a slip and fall incident at Sysco's will call store. Betty S. Lucas ("Lucas") has asserted causes of action for negligence, premises liability (injury caused by dangerous condition), and premises liability (duty owed to invitee/business visitor) against Sysco.

On August 11, 2014, Sysco filed a motion for summary judgment on two grounds: (1) Lucas has failed to show that Sysco placed the substance on the floor or had actual or constructive knowledge of the substance on the floor; and (2) Lucas cannot prove the claimed

1

damages to her foot are related to the alleged incident.[1] (ECF Nos. 19 and 20). For the reasons discussed below, the Court grants Defendant's motion for summary judgment.

## II.  BACKGROUND FACTS

On the rainy morning of October 28, 2010, Lucas traveled to Sysco's will call office in Columbia to pick up supplies for her son's restaurant.[2] (Lucas Dep. p. 101). When she arrived at the facility sometime between 9:00 a.m. and 10:30 a.m. the weather conditions were very poor, with a significant amount of rain pouring and substantial wind. (Id. at 101, 104, 107). Lucas exited her vehicle and proceeded to the front door. At that time the wind was blowing at her back and pushing the rain on her. (Id. at 110-112). When she reached the entrance of the building, she opened the door, umbrella in hand, stepped inside onto the linoleum floor, and immediately slipped and fell upon entry. (Id. at 109). Lucas testified the floor where she fell was "solid water." (Id.).

As she fell, Lucas hit her head on the door frame and knocked her tooth out. (Id. at 110). Her right foot slipped out from underneath her, and as she hit the ground, all of her weight landed on that foot. (Id. at 114). She sustained injuries to both her mouth and her right foot. After her fall Lucas immediately left Sysco and headed to her son's restaurant.    (Id. at 118). Lucas testified she left Sysco immediately because the will call employee who had been on duty (a person she believes is named "Iks," "Ike," or "Ixs") left when she fell, and there was no other Sysco employee at the will-call window to help her. (Id.).

---

[1] Although Sysco has moved for summary judgment on two grounds, its memo in support only addresses claims related to actual and constructive knowledge. Sysco has produced excerpts from Lucas' deposition regarding her claimed injuries in support of its second ground for summary judgment. However, the parties did not address this ground for summary judgment during oral argument. Therefore, the Court will likewise only address the first ground for summary judgment.

[2] Sysco is a marketer and distributor of food products to foodservice and hospitality businesses.

Upon Lucas' arrival at the restaurant, several restaurant employees[3] and Darby Matthews ("Matthews"), a Sysco sales representative, observed her injuries.[4] (Id. at 125). Lucas testified that after explaining how she had been injured, Matthews told her he had been at the Sysco will office call earlier that morning and that the floor had been wet. (Id. at 211). Lucas also stated in her Affidavit that Matthews told her the floor of the will call office was wet every time it rained. (ECF No. 21-1).

The employees that Lucas spoke to after her accident were not in the will call at Sysco when she fell. (Lucas Dep. p. 133). Likewise, although Matthews was an employee of Sysco, he was not at the will call office when Lucas fell. (Id. at 133-34).

Sometime after the incident, Lucas sought payment from Sysco for her injuries. (Id. at 201). However, her claim was refused because no one at Sysco knew about her fall. (Id.). On August 27, 2013, nearly three years later, Lucas prepared a typed-written letter to Sysco's insurance carrier from Matthews and asked Matthews to sign it. (Id. at 207-08). The letter recounts the circumstances of her fall stating in pertinent part:

> This letter is to verify that on Oct. 28, 2010, I was at D's Wings, Inc. taking an order, when Betty Lucas came in from will call office at Sysco and was limping. She said that she had fell in the will call office and hurt her right foot and had broken a tooth off of her bridge. She told me that Iks was working in the window and did not ask her if she was hurt or ask her to fill out an incident report. It was raining very bad that day and the wind was blowing a lot. I told her someone's name to contact to tell them about the fall. She called the lady that I told her to call and had to leave a message. No one ever called her back. I do know that she fell, there was nothing wrong with her foot before this accident. I work for Sysco and have been D's Wings sale person for a long time. I know Ms. Lucas and I know that she is a very honest person.

---

[3] Lucas testified these employees were her son, Nancy Knotts, Robin Lipscomb, and Jimmy Clark. None of these individuals had their deposition taken in this matter.
[4] Presumably, Matthews was at the restaurant conducting business on behalf of Sysco at the time of Lucas' return; however, there is no evidence to suggest that Matthews was at Sysco's store at the time Lucas allegedly fell.

(ECF No. 20-4).

Matthews initialed the letter and put a hand-written statement on the bottom of the letter: "I believe Oct. 28 is the correct day- I'm not certain- but she did tell me everything in this letter." (Id.).  When Sysco still refused to compensate Lucas, she filed this action.

### III.    LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact.  *Celotex*, 477 U.S. at 323.  If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323.  All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### IV.    DISCUSSION

South Carolina courts adhere to the long-standing law that "a merchant is not an insurer of the safety of his customer but owes only the duty of exercising ordinary care to keep the

premises in reasonably safe condition." *Pennington v. Zayre Corp.,* 252 S.C. 176, 178, 165 S.E.2d 695, 696 (1969).  As such, a merchant is "not required to maintain the premises in such condition that no accident could happen to a patron using them."  *Denton v. Winn-Dixie Greenville, Inc.,* 312 S.C. 119, 120, 439 S.E.2d 292, 293 (Ct.App.1993).  A cognizable claim for the recovery of damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, requires a "plaintiff to show either (1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Garvin v. Bi-Lo, Inc.*, 343 S.C. 625, 628, 541 S.E.2d 831, 832 (2001); see also *Anderson v. Racetrac Petroleum Inc.*, 296 S.C. 204, 371 S.E.2d 530 (1988); *Pennington v. Zayre Corp.*, 252 S.C. 176, 165 S.E.2d 695 (1969); *Hunter v. Dixie Home Stores*, 232 S.C. 139, 101 S.E.2d 262 (1957); *Cook v. Food Lion, Inc.*, 328 S.C. 324, 491 S.E.2d 690 (Ct. App. 1998).

A "defendant will be charged with constructive notice whenever it appears that the condition has existed for such length of time prior to the injury that, under existing circumstances, he should have discovered and remedied it in the exercise of due care; conversely, absent evidence of such preexistence, the defendant may not be so charged." *Olson v. Faculty House of Carolina, Inc.*, 344 S.C. 194, 206-07, 544 S.E.2d 38, 44-45 (Ct. App. 2001) aff'd, 354 S.C. 161, 580 S.E.2d 440 (2003); (citing *Anderson v. Winn–Dixie Greenville, Inc.,* 257 S.C. 75, 77, 184 S.E.2d 77, 77 (1971); *Hunter v. Dixie Home Stores,* 232 S.C. 139, 101 S.E.2d 262 (1957); *Gilliland v. Pierce Motor Co.,* 235 S.C. 268, 111 S.E.2d 521 (1959); *Wimberly v. Winn–Dixie Greenville, Inc.,* 252 S.C. 117, 165 S.E.2d 627 (1969); *Pennington v. Zayre Corp.,* 252 S.C. 176, 165 S.E.2d 695 (1969)).

In their briefs and during oral arguments, the parties focused on the actual or constructive knowledge of Sysco as to the substance on the floor. The parties appear to agree that the substance was not placed on the floor by Sysco.[5] Accordingly, the Court will focus its analysis on the issue of actual or constructive knowledge.

### A. *Actual or Constructive Knowledge*

Sysco has moved for summary judgment arguing that Lucas has failed to establish it had actual or constructive knowledge of the substance on the floor. Sysco points to the lack of evidence generated by Lucas for partial support of this argument. All discovery in this case closed in July, and only three depositions were taken (Lucas, Lucas' husband, and Dr. O'Leary). Lucas did not take the deposition of the employee who was allegedly working at the will call window on the date of the accident, any other employees of Sysco, or the employees of D's Wings that Lucas spoke to right after her fall. Also, she did not take Matthews' deposition.

Further, Sysco points to Lucas' own deposition testimony as proof that it had no knowledge of the substance on the floor. Lucas admitted during her deposition she did not have any information or knowledge that Sysco knew of the water on the floor. (Lucas Dep. p. 216). Additionally, she did not know how long the water had been on the floor prior to her fall. (Id. at 217).

In opposition to summary judgment, Lucas argues Sysco, at the very least, had constructive knowledge of the water on the floor based on the initialed statement given by Matthews. This statement indicates that Lucas told Matthews that another Sysco employee was working the will call window ("Ike" or Iks"). Lucas also argues that Matthews told her the floor

---

[5] Sysco has pointed to the deposition of Lucas wherein she testified that to her knowledge none of the Sysco employees put the water on the floor. When directly asked, Lucas responded, "No. I mean. It's rain. It wasn't - - nobody did it intentionally. It's just - - a God sent thing you can't help." (Lucas Dep. p. 210). Sysco's counsel made reference to this deposition testimony in oral argument and Lucas did not dispute there is no evidence that Sysco placed the water on the floor.

6

was wet "anytime it rained." Lucas argues these instances of "knowledge" by Sysco employees, means that Sysco had constructive knowledge of the wet floor whenever it rained, thus creating a recurrent condition or condition of a recurrent nature.

Lucas relies on *Pickney v. Winn-Dixie Stores, Inc.*, 331 S.C. 1, 426 S.E.2d 327 (Ct. App. 1992) and *Henderson v. St. Francis Community Hospital*, 303 S.C. 177, 399 S.E.2d 767 (1990) for the proposition that a Defendant can be charged with having had constructive notice when the recurrence is of such a nature as to amount to a continual condition and is coupled with other factors, such as employees' knowledge.  This theory of liability strays from the usual route Plaintiff's must traverse to hold a Defendant liable in cases involving slip and falls on foreign substances. Lucas argues a recurrent condition is present here and creates a genuine issue of fact for a jury.

However, in 1995 the South Carolina Supreme Court seemingly recanted the holdings in both *Pickney* and *Henderson* when it pronounced, "the rule established long ago by this Court [is] that one seeking recovery of injuries sustained in a fall caused by a foreign substance on a storekeeper's floor must establish that the storekeeper had actual or constructive notice that the substance was on the floor." *Simmons v. Winn-Dixie Greenville, Inc.*, 318 S.C. 319, 311-312, 457 S.E.2d 608, 609 (1995) (granting summary judgment to Defendant because there was no actual or constructive notice of the grape on the floor); *Bessinger v. Bi-Lo, Inc.*, 329 S.C. 617, 496 S.E.2d 33 (Ct. App 1998) (holding plaintiff is required to prove either actual or constructive notice of the foreign substance).

In light of the *Simmons* holding, the South Carolina Court of Appeals reversed a jury verdict for the plaintiff stating, "[T]o the extent [*Pickney* and *Henderson*] can be read as imposing liability on a storekeeper for negligence in allowing a foreign substance to fall on the

7

floor even in the absence of evidence establishing the storekeeper's actual or constructive knowledge of the foreign substance, we believe that such a reading of the case is no longer viable after the Supreme Court's decision in *Simmons*." *Wintersteen v. Food Lion*, 336 S.C. 132, 139, 518 S.E.2d 828, 831 (Ct. App. 1999) *aff'd*, 344 S.C. 32, 542 S.E.2d 728 (2001) (holding, "we decline to depart from traditional foreign substance analysis: a storekeeper is only liable if it places the substance on the floor, or if it has actual or constructive notice thereof.")

In her deposition, Lucas testified she had no evidence that Sysco employees knew of the water, and she did not know how long the water had been on the floor at the time of her fall. Additionally, the written and oral statements made by Matthews to Lucas regarding the "water on the floor every time it rained" do not establish the condition of the floor at the time Lucas fell. Accordingly, based on the evidence in the record, the Court concludes Lucas has not proven Sysco had actual or constructive knowledge of the substance on the floor.

### B. Duty to Warn

During oral argument, Lucas also raised the argument of duty to warn in opposition to Sysco's motion. Lucas argues, at the very least, Sysco had a duty to warn patrons that the floor was wet by means of wet floor signs or the placement of absorbent mats at the entrance of the store. If this was a case of first impression the Court would agree with Lucas' argument; however, the Court is bound by the applicable South Carolina jurisprudence on this issue.

Ordinarily, a "property owner has a duty to warn an invitee only of latent or hidden dangers of which the property owner has or should have knowledge". *Peterson v. Porter*, 389 S.C. 148, 153, 697 S.E.2d 656, 658 (Ct. App. 2010) (citing, *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 256, 607 S.E.2d 362, 365 (Ct. App. 2004)). However, under South Carolina law, an exception to this duty exists. "The owner of property owes no duty to use reasonable care to take

8

precautions against or to warn guests of open and obvious dangers. In such situations, the guest themselves have a duty to discover and avoid the danger." *Hackworth v. United States*, 366 F.Supp.2d 326, 330 (D.S.C. 2005) (citing, *Neil v. Byrum*, 288 S.C. 472, 343 S.E.2d 615, 616 (1986)). In *Hackworth* the court granted summary judgment to the Defendant, finding that a puddle of water on the floor was an open and obvious condition, and that Hackworth had warning that a puddle could have been on the floor, given the copious amounts of rain falling on the day of the incident. Further, Hackworth was not distracted when she entered the store, and despite her claims that she was blinded by the bright lights of the store when she entered, a duty to warn did not exist. "[G]iven Hackworth's knowledge of the rainy conditions, the close attention Hackworth say she was paying to the floor, and the fact that a three-foot wide puddle could not be entirely obstructed by overhead lights, the Government had no duty to warn." *Hackworth* at 331.

The similarities between Hackwork and the present case are strikingly obvious. Lucas testified at length in her deposition about the terrible weather conditions and the fact that rain was "pouring" and "blowing" as she made her way into the sore. Lucas also testified the floor where she fell was "solid water." Lucas' counsel also argued Lucas had difficulty seeing because the store was dark when she entered, which contributed to the fall. While the Court believes it is a sound practice to place mats on the floor of an establishment during inclement weather to avoid accidents such as this, South Carolina law does not impose such a duty. Therefore, the Court finds that Sysco did not have a duty to warn under the conditions present here.

**V.      CONCLUSION**

Based on the record before the Court, the briefs filed by the parties, and the arguments of counsel, the Court hereby **GRANTS** defendant's motion for summary judgment.

IT IS SO ORDERED.

October 3, 2014                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge

10